UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

OMAR F. RANGINWALA,

                    Plaintiff,

        -against-                **COMPLAINT**

CITIBANK N.A.,

                                      **Docket No**.: 18cv14896
                                      Jury Trial Demanded:  Yes

                    Defendant.

_____/

      Plaintiff OMAR F. RANGINWALA (known hereinafter as "Plaintiff"), a New York resident, by and through his attorney, The Tariq Law Firm P.L.L.C., against Defendant CITIBANK N.A. (known hereinafter as "Defendant"), pursuant to Rule 23 of the Federal Rules of Civil Procedure and 15 U.S. Code § 1691e(a), respectfully sets forth and alleges the following based upon information and belief:

## PARTIES IN THE COMPLAINT

1.     Plaintiff, Omar F. Ranginwala, is a natural person and an "applicant" as defined by the ECOA. § 1691a(b). Plaintiff meets the definition of "applicant" supplied by the Bureau of Consumer Financial Protection. 12 C.F.R. § 202.2.

2.     The Bureau's definition of "applicant" is applicable here based on the authority granted by congress to the agency to promulgate regulations to achieve the goals of the ECOA. § 1691b.

3.     The Defendant, Citibank N.A., is a "creditor" as defined by the ECOA. Defendant "regularly extends, renews, or continues credit." § 1691a(e).

4.     The actions of Defendant in closing the credit card account of plaintiff qualifies as an "adverse action" as defined by the statute.

## JURISDICTION

5.    Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1691e(f), and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

6.    This action arises out of the Defendant's repeated violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq*.

7.    Venue is proper in this judicial district under 28 U.S.C. § 1391 because the Defendant conducts business in and can be found in this district, and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district.

## FACTUAL ALLEGATIONS

8.    Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs number ("1 through 7") with the same force and effect as if the same were set forth at length herein.

9.    Plaintiff opened a Citibank credit card account on October 19, 2001.

10.    In early 2017, the Plaintiff attempted to make a payment at a restaurant with his Citibank Thank You Premier credit card. The card was declined.

11.    Plaintiff contacted Defendant via a chat on Defendant's website in an effort to request information regarding the reason his card was declined.

12.    Defendant's representative informed Plaintiff that he/she had no information on his account other than that it was deemed a "security risk." Plaintiff was then told to contact Defendant Citibank directly.

13.    Plaintiff then contacted Defendant via telephone.

14.    Defendant informed Plaintiff that his account was closed, that Defendant had the right to close his account, and that Defendant did not have to provide a reason for doing so.

15.     Plaintiff then received a letter from Defendant dated February 3, 2017 informing him that Defendant had closed his credit card account. *See* **Exhibit A**.

16.     Defendant's letter to Plaintiff also stated: "Pursuant to the Citibank N.A., Credit Card Agreement, we have the right to close your account at any time at our discretion."

17.     The Credit Card Agreement (here after "the Agreement") attached with Defendant's Thank You Premier credit card is accessible through Defendant's website.

18.     The Agreement states that Defendant "may close or suspend your account…for any reason, or for no reason." *Id*. It also states that Defendant may close a card holder's account "without notifying you, as allowed by law." *Id*.

19.     The Agreement fails to inform card holders that Defendant is obligated under the ECOA to provide a statement of reasons when taking adverse actions against them, including closing their credit card accounts. While they claim they can take adverse action for no reason, this is superseded by federal law to the contrary. 15 U.S.C. § 1691(d).

20.     Defendant's letter to Plaintiff also stated: "If there is a balance on your account, you will remain responsible for repayment of the balance. You will continue to receive monthly billing statements until the balance is paid in full."

21.     Defendant's letter was defective on its face and in violation of the ECOA because it failed to inform Plaintiff of his right to be provided with the specific reasons why Defendant elected to close his account.

22.     Defendant's letter simply informed Plaintiff his account had been closed and that taking such adverse action was permitted under the terms of the credit card agreement.

## EQUAL CREDIT OPPORTUNITY ACT

### CAUSE OF ACTION
### VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT
### 15 U.S.C. § 1691 *ET SEQ*.

23.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

24.     Congress enacted the Equal Credit Opportunity Act (ECOA) making it "unlawful for any creditor to discriminate against any applicant with respect to any aspect of a credit transaction." 15 U.S.C. § 1691(a). A notice requirement was included in the statute as one way to ensure that creditors do not unlawfully act discriminatorily. *Schlegal v. Wells Fargo*, 720 F.3d 1204, 1210 (9th Cir. 2013).

25.     While the ECOA was enacted for the purpose of preventing discrimination in the granting of credit by creditors, at least one court has held that evidence of discrimination is not necessary to create a cause of action when a creditor fails to meet the statute's notice requirement. *Costa v. Mauro Chevrolet, Inc, et. al.*, 390 F. Supp. 2d 720 (N.D. Ill. 2005).

26.     In *Costa*, the court held that "without regard to allegations of discrimination, a creditor's failure to provide a written rejection notice is actionable under the ECOA. *Id.* at 728. Additionally, the court reasoned that "because § 1691(d) of the ECOA sets forth a notification requirement separate and apart from the statute's antidiscrimination provisions…[the plaintiff's] allegation that [the defendant] failed to provide written notification of an adverse credit action is sufficient to establish an ECOA claim." *Id.* at 729.

27.     Similarly, here, Defendant's failure to provide a statement of reasons upon Plaintiff's request regarding closure of his credit card account is sufficient to create a cause of action under the ECOA. § 1691(d).

28.     Under 15 U.S.C. § 1691(d)(2) "each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. § 1691(d)(2).

29.     The statute specifies how creditors can satisfy their obligation to provide a statement of reasons when taking adverse action against an applicant. A creditor can either provide statements of reasons as a matter of course upon taking adverse action or give written notice when such action is taken. *Id.*

30.     Defendant neither provided a statement of reasons in its letter to Plaintiff, nor informed him of his right to be provided with a statement of reasons upon request.

31.     Additionally, a statement of reasons meets the requirements of the ECOA "only if it contains the specific reasons for adverse action taken." § 1691(d)(3).

32.     The action taken by Defendant in closing the credit card account of Plaintiff qualifies as an adverse action under the definition provided by the ECOA. For the purpose of the statute "adverse action" is defined as "a denial or revocation of credit, a change in terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." § 1691(d)(6).

33.     The Ninth Circuit has followed the plain meaning of "revocation" and held that cancelling the right to defer payment of a debt rightfully gives rise to a cause of action under the ECOA. *Schlegal*, 720 F.3d at 1211 (9th Cir. 2013). There, the court held that the defendant bank failed to abide by the terms of a loan modification made between the parties, and the court held that this constituted an adverse action under the statute. *Id.*

34.     Similarly, here, Defendant revoked Plaintiff's right to defer payment of a debt by closing Plaintiff's credit card account and failing to provide a statement of reasons for doing so.

35.     The ECOA defines an "applicant" as "any person who applies directly for an extension, renewal, or continuation of credit." § 1691a(b).

36.     While the ECOA definition of "applicant" is narrow, the statute grants power to the Bureau of Consumer Financial Protection (hereafter the "Bureau") to promulgate regulations to carry out the purposes of congress. § 1691b(a). Additionally, the statute provides that courts should defer to the interpretation of the Bureau regarding any provision of the ECOA "as if that agency were the only agency authorized to apply, enforce, interpret, or administer" it. § 1691b(g).

37.     The Bureau's Regulation B defines an "applicant" as "any person who requests or has received an extension of credit from a creditor and includes any person who is or may become contractually liable regarding an extension of credit." 12 C.F.R. § 202.2

38.     Pursuant to the ECOA, the broader definition of "applicant" supplied by the Bureau is given deference, and thus applies to Plaintiff as a person who has requested and received credit from Defendant and has become contractually liable for that credit.

39.     Additionally, because Defendant's letter informs Plaintiff that he will continue to remain contractually liable for the balance on his account, any argument that Plaintiff does not meet the definition of an applicant is precluded.

40.     The issue regarding the ECOA definition of an "applicant" is one of first impression for the Third Circuit. However, the Sixth Circuit has given deference to this broader Bureau definition. *RL BB Acquisition, LLC v. Bridgemill Commons Development Group, LLC, et. al.*, 754 F.3d 380 (6th Cir. 2014). There, the court was faced with the issue of "whether Regulation B's definition of 'applicant', which differs from the definition in the ECOA is entitled to deference such that guarantors may raise ECOA claims." *Id*. at 384. Even though guarantors were third parties who were not applying for credit themselves, the court held that the ECOA still applied. *Id*.

41.     The Sixth Circuit has held that the ECOA definition of "applicant" is ambiguous and referred to the regulatory definition. *Id*. They reasoned that the "ECOA definition…is not straightforward and is easily broad enough to capture a guarantor." *Id*. at 386. Similarly, the definition is broad enough to include Plaintiff here.

42.     Due to Defendant's failure to provide a statement of reasons for its decision to take adverse action against Plaintiff, Plaintiff is entitled to relief under the ECOA.

43.     Congress has created civil liability for any creditor that fails to comply with the terms of the ECOA. § 1691e(a). A creditor who does not meet the requirements imposed by the act becomes "liable to the aggrieved applicant for any actual damages sustained by such applicant. *Id.* Additionally, punitive damages may be granted to up to $10,000. § 1691e(b).

44.     In addition to actual damages, aggrieved applicants may be entitled to equitable and declaratory relief. § 1691e(c). They can also collect reasonable attorneys' fees. § 1691e(d).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, pursuant to the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, respectfully requests that the Court:

1.  Award actual damages pursuant to 15 U.S.C. § 1691e(a).;

2.  Award punitive damages of $10,000.00 pursuant to 15 U.S.C. § 1691e(b);

3.  Award equitable relief pursuant to 15 U.S.C. § 1691e(c);

4.  Award declaratory relief finding that Defendant violated the ECOA;

5.  Enter a judgment in favor of Plaintiff against Defendant for an amount of damages to be determined at trial;

6.  Award Plaintiff attorneys' costs and fees pursuant to 15 U.S.C. § 1691e(d).

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

Dated:  October 11, 2018

                                                    Respectfully submitted,

                                                    **_s/Subhan Tariq_____**
                                                    Subhan Tariq, Esq.
                                                    The Tariq Law Firm, PLLC
                                                    *Attorneys for Plaintiff*
                                                    68 Jay Street, Suite 201
                                                    Brooklyn, NY 11201

To:
      Citibank N.A.
      399 Park Ave Front. 1
      New York, NY 10022

      (via Prescribed service)

      Clerk of the Court,
      United States District Court
      District Court New Jersey
      50 Walnut Street
      Newark, NJ 07101

      (for filing purposes)