UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OMAR F. RANGINWALA,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>Defendant. | Civil Action No. 2:18-cv-14896 (CCC)<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Omar F. Ranginwala ("Plaintiff") for leave to file an Amended Complaint [ECF No. 15]. Defendant Citibank, N.A. ("Defendant" or "Citibank") opposes Plaintiff's motion [ECF No. 16]. For the reasons set forth below, Plaintiff's motion to file an Amended Complaint [ECF. No. 15] is **GRANTED.**

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action on October 11, 2018 by filing a Complaint alleging that Citibank closed his credit card account without providing a "statement of reasons" for its adverse action in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1961, *et seq*. *See* ECF No. 1. On January 9, 2019, Citibank moved to compel arbitration under § 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, pursuant to an arbitration provision contained in the Plaintiff's card agreement that governs the account. *See* ECF No. 10. Thereafter, Plaintiff filed the present motion for leave to file an Amended Complaint on July 24, 2019. *See* ECF No. 15. Plaintiff's proposed Amended Complaint adds a claim under 42 U.S.C § 1981 and a claim under New Jersey's Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. §10:5-12. *See* ECF Nos. 15, 15-1.

1

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, Courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15." *Endo Pharma v. Mylan Techs Inc.*, 2013 U.S. Dist. LEXIS 32931, at *4 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . .." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

Defendant does not assert that Plaintiff's motion is prejudicial, or results from any bad faith, but argues that Plaintiff's proposed amendments are futile. An amendment will be considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted). In determining whether an amendment is insufficient on its face, the Court employs the same standard as in a Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). Under a Rule 12(b)(6) analysis, the question

is not whether the movant will ultimately prevail, and detailed factual allegations are not necessary to survive such a motion. *Antoine v. KPMG Corp.,* 2010 WL 147928, at *6 (D.N.J. Jan. 6, 2010). If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *Meadows v. Hudson County Bd. of Elections,* 2006 WL 2482956, at *3 (D.N.J. Aug. 24, 2006).

With respect to Plaintiff's proposed Amended Complaint, Defendant first asserts that the proposed claims are futile because they are subject to arbitration. ECF No. 16-2 at pp. 5-9. According to Defendant, Plaintiff's proposed § 1981 claim is compatible with applying the FAA to arbitration agreements and is thus subject to arbitration. *Id.* at pp. 5-6. Likewise, Defendant asserts that Plaintiff's proposed NJLAD claim is also subject to arbitration under the FAA. *Id.* at pp. 7-8. Because the complaint as amended is still subject to arbitration, Defendant contends that Plaintiff's motion to amend should be denied. In the alternative, Defendant asserts that the proposed claims are futile because they fail to state a plausible cause of action. *Id*. at pp. 9-10. According to Defendant, Plaintiff's allegations of discrimination are insufficient and belied by the card agreement. *Id.* at p. 10.

While Defendant may be correct in its assertions regarding the arbitrability and viability of Plaintiff's proposed claims, it appears to the Court that a ruling on Defendant's futility arguments in the context of the present motion would require legal determinations better suited for a motion to compel arbitration or motion to dismiss. Accordingly, the Court declines to find at this juncture that Plaintiff's proposed amendments are clearly futile.

Finally, Defendant argues that Plaintiff's proposed amendment should be denied for undue delay. ECF No. 16-2 at pp. 10-12. A court may deny a motion to amend if the movant's delay in seeking the amendment is undue. *Foman*, 371 U.S. at 182. "The mere passage of time does not require that a motion to amend . . . be denied on grounds of delay. In fact, delay alone is an

insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted). However, if the delay places an unwarranted burden on the court or on the opposing party, then denial based on delay is appropriate. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Defendant contends that Plaintiff's proposed amendment is undue because Plaintiff offers no justification for delaying in six months to amend since the filing of Citibank's motion to compel arbitration. ECF No. 16-2 at p. 12. Plaintiff's timing, though not ideal from Defendant's perspective, does not constitute "undue delay" under the standards discussed *supra*. Moreover, this case is still in its infancy as the parties have not engaged in discovery and no schedule has been set. Given Rule 15's liberal standard the Court finds that undue delay does not exist here. Based on the foregoing, Plaintiff's motion for leave to file an Amended Complaint is **GRANTED**.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this **3rd** day of **February 2019**,

**ORDERED** that Plaintiff's motion for leave to file an Amended Complaint [ECF No. 15] is **GRANTED;** and it is further

**ORDERED** that Plaintiff shall file and serve his Amended Complaint within **seven (7) days** from the date of this Order.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**